MARY BATES GRIFFITH, Respondent, *v.* CHARLES E. DICKINSON and CORA E. DICKINSON, Appellants, Impleaded with Others.

*Error in stenographer's minutes misleading the trial court — when a judgment will be reversed therefor — question as to a division line.*

Upon the trial of an action brought to compel the determination of a claim to real estate it appeared that the plaintiff, who was the owner of two lots of land, conveyed one of them to the defendant Charles E. Dickinson. The land so conveyed was fenced at the time of the sale, and Dickinson testified that the husband of the plaintiff, who acted as her agent in the matter, represented to him that the lot consisted of the land lying between the two fences, and was fifty feet wide; the plaintiff claimed that Dickinson was entitled to but forty-nine feet and three inches.

It further appeared that the plaintiff, before she conveyed to Dickinson, had constructed a house upon her lot, which encroached upon that of the defendant, in that the eaves of her house extended slightly over the line, as claimed by Dickinson.

Owing to an error in the stenographer's minutes of the trial it was made to appear to the trial justice that the plaintiff had built her house *after* Dickinson purchased instead of *before*, and the trial justice, relying upon such minutes, and understanding that the plaintiff's house was built with Dickinson's knowledge and without objection on his part, accordingly held that the defendant was estopped from thereafter claiming that the plaintiff's house encroached upon his land.

*Held*, that this was so serious an error in the minutes as to require the granting of a new trial.

APPEAL by the defendants, Charles E. Dickinson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 3d day of December, 1894, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*George F. Yeoman*, for the appellants.

*William B. Hale*, for the respondent.

LEWIS, J.:

The plaintiff and the defendant Charles E. Dickinson own adjoining lots, situate upon the westerly side of Lake avenue in the city of Rochester. Both lots formerly belonged to the plaintiff, and she conveyed to the defendant Dickinson the lot he now

owns and occupies. The negotiations leading to the sale were conducted on the part of the plaintiff by her husband, who died prior to the commencement of this action.

A controversy arose between the plaintiff and the defendant Charles E. Dickinson as to the true location of the line between their lots, a strip of land about nine inches in width being claimed by each of the parties. Dickinson's lot was fenced upon both sides at the time he purchased it of the plaintiff. He testified upon the trial that the plaintiff's husband, while negotiating the sale, represented to him that the lot consisted of the land lying between these fences, and that the lot was fifty feet wide. He further testified that he relied upon these representations, and made the purchase without having the lot surveyed or measured. Soon after Dickinson purchased his lot, by an arrangement between him and the plaintiff, the front portion of the fence between their lots was removed and the ground sodded over. The precise location of this piece of fence at the time the defendant Dickinson purchased the lot was a matter litigated upon the trial, and the evidence was somewhat conflicting.

Dickinson's lot between his northerly fence and the line, as now claimed by the plaintiff, is but forty-nine feet and three inches in width, and the plaintiff's lot is a foot or more wider than her title deeds call for. The preponderance of evidence, as it impresses us, was rather with the defendants' contention, but not so much so perhaps as to justify a reversal of the judgment for that reason.

The plaintiff, a short time before she conveyed to Dickinson his premises, had constructed a house upon her portion of the land not conveyed to Dickinson, which very slightly encroaches upon his lot, as the line is claimed by him. The encroachment consists of the eaves of her house extending over the line very slightly.

It appears from the opinion of the trial justice, which is printed in the case, that he understood, when considering and deciding the case, that it was established by the evidence that the plaintiff built her house after she had conveyed the lot to Dickinson, and that he, while the house was being built, resided in the house upon his lot, and must have been aware of the location of plaintiff's house, and made no objection or complaint that it was encroaching upon his land. This fact, if true, was very important evidence

against the defendants, and justified the trial court in holding that Dickinson was estopped from thereafter claiming that the plaintiff's house encroached upon his land.

It is a conceded fact that the plaintiff's house was built before Dickinson purchased his place, and that he was entirely ignorant, so far as it appeared upon the trial, of the fact, when he purchased his premises, that any portion of plaintiff's house extended over the line, as now claimed by him. The trial justice was misled as to the time the house was actually built by an error in the stenographer's minutes of the testimony, the stenographer having erroneously written the word "after" when it should have been "before," and thus made it appear that the house was constructed after Dickinson purchased his lot.

This, as stated, was an important piece of evidence, if true. How much it influenced the mind of the trial justice we cannot know.

Had the plaintiff brought an action of ejectment to recover possession of the strip of land, the defendants would have been entitled to a new trial under the statute.

Justice demands, we think, that the case should be retried, so that this important and significant error in the evidence can be eliminated from the case.

Judgment reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., and WARD, J., concurred; BRADLEY, J., not voting.

Judgment reversed and new trial granted, costs to abide the event.